```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 08-20680-Civ-LENARD
                                      (07-20123-Cr-LENARD)
                              MAGISTRATE JUDGE P. A. WHITE
```

DARRICK ANDREWS                 :

      Movant,                   :

v.                              :              REPORT OF
                                               MAGISTRATE JUDGE
UNITED STATES OF AMERICA,       :

      Respondent.               :

_____

     This matter is before this Court on the movant's timely filed motion to vacate pursuant to 28 U.S.C. §2255, attacking his sentence for conspiracy to possess with intent to sell marijuana, entered following a guilty plea in Case No. 07-20123-Cr-Lenard.

     The Court reviewed the motion (Cv-DE#1), the government's response (Cv-DE#8) with multiple exhibits, the movant's reply (Cv-DE#9), the Presentence Investigation Report (PSI), and all pertinent portions of the underlying criminal file.

### Claims Raised

     Construing the movant's arguments liberally as afforded *pro se* litigants pursuant to <u>Haines v. Kerner</u>, 404 U.S. 419 (1972), the movant appears to raise the following claims in his §2255 motion:

     1.   The movant's sentence is illegal because it exceeds the statutory maximum permitted by 21 U.S.C. §844. (Cv-DE#1:6).

    2.    The movant was denied effective assistance of counsel when his lawyer failed to argue against the imposition of his sentence, specifically, his classification as a career criminal offender. (Cv-DE#1:6-7).

In the May 22, 2008 reply (Cv-DE#9) to the Government's response, the movant raised two additional claims:

    3.    The movant asserts that his classification as a career offender was unlawful in that one of his prior convictions was inapplicable because it was adjudicated over ten years prior to the offense herein. (Cv-DE#9:5).

    4.    The movant is actually innocent of his classification as a career offender. (Cv-DE#9:5).

To the extent the claims raised in his motion are inter-related or duplicative, those issues will be discussed together.

### Factual and Procedural History

The factual history of the underlying criminal case reveals that on May 19, 2006, surveillance was established in the area of 178th Street and Southwest 104th Avenue, Miami, Florida regarding narcotics transactions. (PSI¶6; Cv-DE#8,Ex.A:11). The movant acted as a lookout for an unindicted co-conspirator selling marijuana, he remained in contact with the seller of the marijuana during the narcotic sales and possessed a large sum of United States currency, part of which was derived from the buyers of the marijuana. (Id.). Thereafter, an officer directed the take-down teams to arrest the

movant, who immediately fled from the police. (Id.). The movant ran into a residence, in which a police officer observed him remove a handgun from his waistband and toss it inside. (Id.; Cv-DE#8:2). Ultimately, the movant was arrested and a subsequent search of his person revealed $2,440.00 in cash. (PSI¶7; Cv-DE#8:2). Moreover, the handgun was later recovered and a search of the residence revealed approximately 100 to 116 grams of powder cocaine. (PSI¶7; Cv-DE#2-3).

Originally, this case was prosecuted in the Circuit Court of the Eleventh Judicial Circuit in Miami-Dade County, Florida. (PSI¶8). At first, the movant was charged with carrying a concealed firearm, unlawful possession of a firearm or weapon by a violent career criminal and resisting an officer without violence to his person. (Id.). Subsequently, on March 2, 2007, the case was nolle prossed by the State of Florida and prosecution was transferred to the United States Attorney's Office. (Id.).

Thereafter, the movant was indicted under the instant federal case on charges of felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1). (Id.). On June 15, 2006, the movant was tried before a jury, however, trial ended with a hung jury and the declaration of a mistrial. (Cv-DE#8:3). A second trial held on June 19, 2007, resulted in the same outcome. (Id.).

Subsequently, on July 11, 2007, a one count Superseding Information was filed, wherein the movant was charged with conspiracy to distribute marijuana, in violation of 18 U.S.C. §371. (Cr-DE#57). On the same date, the court conducted a thorough plea colloquy and after pronouncement of the guilty plea, the parties requested to move forward with sentencing and the movant waived his right to a presentence investigation report. (Cv-DE#8,Ex.A:26). The

district court then inquired as to the movant's criminal history, wherein the Government informed the court that the movant, as a career offender, had a criminal history category of VI. (Cv-DE#8:5,Ex A:29). In support thereof, "the [G]overnment recited the [m]ovant's convictions for narcotics distribution and aggravated assault on a police officer." (Id.:29-30).

At the conclusion of the hearing, the district court sentenced the movant to the statutory maximum sentence of 60 months in prison, to run consecutive to the 13 months sentence imposed in a separate proceeding for violation of his supervised release; followed by three years of supervised release and a $100.00 assessment. (Cr-DE#61). No direct appeal ensued. The judgment of conviction in the underlying criminal case became final at the latest on July 26, 2007, ten days after the entry of judgment (Cr-DE#61), when time expired for filing a notice of appeal.[1] At the latest, the movant was required to file this motion to vacate within one year from the time the judgement became final, or no later than July 26, 2008. See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986).  This motion to vacate was timely filed by the

---

[1]Where, as here, a defendant does not pursue a direct appeal, the conviction becomes final when the time for filing a direct appeal expires. Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999). The time for filing a direct appeal expires ten days after the judgment or order being appealed is entered. Fed.R.App.P. 4(b)(1)(A)(I). The judgment is "entered" when it is entered on the docket by the Clerk of Court. Fed. R. App. P. 4(b)(6).

On December 1, 2002, Fed.R.App.P. 26; which contains the rules on computing and extending time, was amended so that intermediate weekends and holidays are excluded from the time computation for all pleadings due in less than 11 days. The judgment was entered by the Clerk on December 19, 2006, so the movant had until January 4, 2007, within which to timely file a notice of appeal.

4

movant in the Southern District of Florida on March 10, 2008.(Cv-DE#1).[2]

### Sentence Appeal Waiver

Before turning to a discussion of the claims on the merits, it should first be noted that the movant waived his right to contest all nonjurisdictional defects and defenses, when he entered into a knowing and voluntary guilty plea. In all of the foregoing claims, the movant contends aspects of his sentence and sentencing proceedings. It is well-settled that sentence appeal waivers are valid if made knowingly and voluntarily. Williams v. United States, 396 F.3d 1340, 1341 (internal citation omitted). The Eleventh Circuit has held that "[a] valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." Williams v. United States, 396 F.3d 1340, 1341 (11th Cir. 2005); see also, Leach v. United States, 171 Fed. Appx. 765 (11th Cir. 2006); Johnson v. United States, 2007 WL 4615236 *5-6 (S.D. Fla. 2007).

In this case, the movant's waiver of his right to collateral attack is valid and enforceable against all of his claims. The record demonstrates that this Court specifically questioned movant about the waiver during the plea colloquy, and that the movant understood its significance. (Cv-DE#8, Ex.A:20-24). Therefore, the movant's waiver of his right to collaterally attack his sentence is

---

[2]Although the movant signed and timely executed his §2255 motion, it appears he failed to provide proof of verification, despite the court's request to do so. (Cv-DE#3). Notwithstanding, because the verification is not dispositive as to the motion's timeliness or the claims raised, the report addresses the claims on their merits.

enforceable, and the Court need not reach the merits of the movant's arguments relating to his sentence as found in the foregoing claims. Williams v. United States, 396 F.3d 1340, 1341. As noted by the Williams court, to hold otherwise would permit the movant "to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." Williams, *supra*.

Notwithstanding, the movant does not contend the validity of the sentence appeal waiver. Rather, because he argues that his sentence exceeds the maximum permitted by statute, his claims are thereby not precluded by the appeal waiver. The plea agreement states in part:

> [T]he defendant hereby waives all rights conferred by Title 18, United States Code, Section 3742 to appeal the conviction, any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, or to collaterally attack the conviction, any sentence imposed or the manner in which the sentence was imposed, including any restitution order, pursuant to Title 28, United States Code, Sections 2255, 2254, 2241 or any other applicable provision, **unless the sentence exceeds the maximum permitted by statute** or is the result of an upward departure from the guideline range that the court establishes at sentencing.

(Cv-DE#8, Ex.B:3-4). Thus, each claim will be addressed briefly on the merits below.

### Discussion of Claims

As noted above, the movant claims will be individually identified and treated in turn in this Report. In order to prevail on a claim of ineffective assistance of counsel, the movant must establish: (1) deficient performance - that his counsel's representation fell below an objective standard of reasonableness;

and (2) prejudice - but for the deficiency in representation, there is a reasonable probability that the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668 (1984); Chandler v. United States, 218 F.3d 1305 (11th Cir. 2000)(*en banc*). The standard is the same for claims of ineffective assistance on appeal. Matire v. Wainwright, 811 F.2d 1430, 1435 (11th Cir. 1987). A court may decline to reach the performance prong of the standard if it is convinced that the prejudice prong cannot be satisfied. Id. at 697; Waters v. Thomas, 46 F.3d 1506, 1510 (11th Cir. 1995). Prejudice in the sentencing context requires a showing that the sentence was increased due to counsel's error. Glover v. United States, 531 U.S. 198, 203-204 (2001).

Moreover, review of counsel's conduct is to be highly deferential. Spaziano v. Singletary, 36 F.3d 1028, 1039 (11th Cir. 1994), and second-guessing of an attorney's performance is not permitted. White v. Singletary, 972 F.2d 1218, 1220 ("Courts should at the start presume effectiveness and should always avoid second-guessing with the benefit of hindsight."); Atkins v. Singletary, 965 F.2d 952, 958 (11th Cir. 1992). Because a "wide range" of performance is constitutionally acceptable, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Rogers v. Zant, 13 F.2d 384, 386 (11th Cir. 1994).

In **claims one** and **two**, the movant asserts that he was denied effective assistance of counsel when his lawyer failed to argue that his sentence is illegal because it exceeds the statutory maximum permitted by 21 U.S.C. §844. (Cv-DE#1:6-7). As will be recalled, the movant was charged with conspiracy to possess with intent to sell marijuana, in violation of 21 U.S.C. §841(a)(1), all in violation of 18 U.S.C. §371; he was not charged pursuant to 21

U.S.C. §844.

Title 21 U.S.C. §841(a)(1) makes it unlawful for any person to knowingly or intentionally manufacture, distribute, or possess, or possess with intent to manufacture, distribute, or dispense, a controlled substance. 21 U.S.C. §841(a)(1). The penalty provisions provides in pertinent part, "in the case of less than 50 kilograms of marihuana, . . . be sentenced to a term of imprisonment of not more than 5 years." 21 U.S.C. §841(b)(1)(D). Thus, pursuant to U.S.S.G. §4B1.1(b)(F), because the statutory maximum for the offense is 5 years or more, but less than 10 years, the base offense level is 17. U.S.S.G. §4B1.1(b)(F).

However, the movant insists that the penalty provisions found in 21 U.S.C. §841(b)(4) are applicable. The provision states that "[n]otwithstanding paragraph (1)(d) of this subsection, any person who violates subsection (a) of this section by **distributing a small amount of marihuana for no remuneration** shall be treated as provided in section 844 of this title and section 3607 of title 18."  Section 844 states in pertinent part "[a]ny person who violates this subsection may be sentenced to a term of imprisonment of not more than 1 year, and shall be fined a minimum of $1,000, or both . . . ." Accordingly, the movant asserts that his sentence should be a term of imprisonment not to exceed one year.

As the record clearly reflects, the movant acted as a lookout for an unindicted co-conspirator selling marijuana, remained in contact with the seller during the narcotics sales and possessed the proceeds derived from the selling of marijuana. (Cv-DE#8, Ex.A:11-12). Additionally, at that time, the movant possessed about $2,440.00, part of which was taken from the buyers of marijuana, otherwise derived form the sale thereof. (Id.). Moreover, the

record is devoid of any facts that subject the movant to the provisions set forth in §841(b)(4), to wit: the distribution of marijuana and not receiving remuneration for his services. As such, 21 U.S.C. §841(b)(4) is not applicable to the movant's case. Thus, the district court did not sentence the movant to a sentence greater than the statutory maximum and accordingly, his sentence falls within the purview of the sentence appeal waiver in the plea agreement. The movant is therefore precluded from any other argument relating to his sentence. Notwithstanding, the remaining claims will be addressed below.

To the extent the movant means to argue that 21 U.S.C. §841(b)(4) and 21 U.S.C. §844(a) should apply because both the Superseding Information and the plea agreement were devoid of a drug quantity, this claim warrants no relief. In support thereof, the movant cites to <u>United States v. Hull</u>, 238 Fed. Appx. 543 (11th Cir. 2007), wherein he believes the defendant was "convicted of possessing with intent to distribute marijuana, in violation of 21 U.S.C. §841(a)(1) via 21 U.S.C. §844," and was therefore sentenced to the maximum term of 12 months. (Cv-DE#1:9). However, it appears that the movant misinterpreted <u>Hull</u>, because the defendant therein was charged in part with possession with intent to distribute marijuana, in violation of 21 U.S.C. §844(a). <u>Id.</u> at 544. Thus, pursuant to the penalties in §844(a), the defendant was sentenced to the statutory maximum term; one year. Unlike the defendant in <u>Hull</u>, the movant was not charged with a violation of 21 U.S.C. §844(a), but rather he was specifically charged with conspiracy to violate 21 U.S.C. §841(a)(1). Thus, the movant was exposed to the maximum statutory penalty of five years, which the court thereafter correctly imposed. Therefore, because the movant's sentence was appropriate and it did not exceed the maximum amount authorized by law, this claim is entitled to no relief.

Additionally, the movant cites to United States v. Miranda, 248 F.3d 434 (5th Cir. 2001), in which the movant argues that the Eleventh Circuit imposed the penalties set forth in 21 U.S.C. §§841(b)(4) and 844(a) because the jury found beyond a reasonable doubt that the defendant conspired to possess with intent to distribute various controlled substances. However, the movant again misinterprets the cited case, and thus this argument is also entitled to no relief.

In Miranda, the Eleventh Circuit had to determine whether the district court erred when it assigned the defendants sentences that exceeded the statutory maximums. Miranda, 248 F.3d at 444. The indictment charged them with conspiracy to "possess with intent to distribute in excess of 5 kilograms of cocaine, in excess of 50 grams of cocaine base and in excess of 50 kilograms of marijuana." Id. "[T]he district court instructed the jury that the 'evidence in the case need not establish that the amount or quantity of controlled substance was as alleged in the count under consideration, but only that a measurable amount of that controlled substance was in fact the subject of the acts charged in that count." Id. The jury was further instructed that the government only needs to prove that the defendant at issue conspired to violate the laws as to one or more of the charges. Id. The district court thereafter found the defendants guilty of the conspiracy count and sentenced them between 20 to 30 years based on the drug amounts proven at trial. The Eleventh Circuit stated that the most they could be sure about is that the jury found that the defendants conspired to possess with intent to distribute a measurable amount of marijuana. Id. However, because the maximum sentence for the conviction is imprisonment of not more than one year, the defendants' sentences unequivocally exceeded the statutory maximum. Id.; see 21 U.S.C. §§846, 841(b)(4) & 844(a).

The defendants in Miranda were subjected to sentencing enhancements. Therefore, the Eleventh Circuit stated that "when the Government seeks enhanced penalties based on the amount of drugs attributable to a defendant, the quantity must be stated in the indictment and submitted to a jury for a finding of proof beyond a reasonable doubt." Miranda, 248 F.3d 434.

Unlike Miranda, the movant was not subjected to a sentencing enhancement, but rather he faced a career offender classification. As such, the Government was not forced to state in the indictment the quantity of drugs attributable to him or submit the issue to a jury for a finding of proof beyond a reasonable doubt. Moreover, the defendants in Miranda were charged pursuant to 21 U.S.C. §§846, 841(b)(4) and 844(a). Accordingly, as already discussed above, 21 U.S.C. §§841(b)(4) and 844(a) are not applicable to the movant. Thus, the movant is entitled to no relief on this claim.

Moreover, in both the plea agreement and during the plea colloquy the movant, under oath[3], expressly acknowledged that the maximum possible penalty of confinement provided by law for the offense for which he pleaded guilty was five years. (Cv-DE#8,Ex.A:13). The plea colloquy reveals:

> THE COURT: Do you understand that the maximum possible penalty of confinement provided by law for the offense to which you plead guilty is five years imprisonment?

---

[3]The law is clear that "solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977); United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988). The subsequent presentation of conclusory allegations, unsupported by specifics, is subject to summary dismissal, as are contentions which in the face of the record are wholly incredible. Machibroda v. United States, 368 U.S. 487 (1962).

THE DEFENDANT:    Yes, ma'am.

\* \* \* \* \*

THE COURT:  Have you and your attorney talked about how sentencing guidelines might apply to your case?

THE DEFENDANT:    Yes.

THE COURT:  Do you understand that the Court will not be able to determine the advisory guideline range for your sentence until after the advisory presentence investigation report has been completed and you and the Government have had the opportunity to challenge the reported facts and the application of the guidelines as recommended by the probation officer?

THE DEFENDANT:    Yes.

THE COURT:  Do you understand that after considering all of these factors, I will impose an appropriate sentence up to the statutory maximum?

THE DEFENDANT:    Yes.

\* \* \* \* \*

THE COURT:  Do you understand that under some circumstances, you or the Government may have the right to appeal any sentence that I impose?

THE DEFENDANT:    Yes. Your Honor, I got one question. I mean, after we do the presentence investigation, right, I mean, the maximum -- I can get up to the maximum five years, 60 months?

THE COURT:  Yes.

THE DEFENDANT:    I mean, it won't exceed that, right?

THE COURT:  No. That's the maximum provided by statute for this offense.

THE DEFENDANT:    Okay.

(Cv-DE#8,Ex.A:13-16). Further, the district court thoroughly addressed the details of the plea agreement, wherein the movant again acknowledged that the statutory maximum term of imprisonment is up to five years. (Cv-DE#8,Ex.A:18-22;Cr-DE#59:2). Additionally,

the movant expressly acknowledged that he classified as a career offender under U.S.S.G. §4B1.1(a) of the guidelines. (Id.). Finally, the movant acknowledged that he not only understood the plea agreement, but that his signature was affixed to the document and that prior to signing it, he read it, fully discussed it with his attorney and understood all the terms of the agreement. (Cv-DE#8,Ex.A:23).

On the record before this court, it is evident that the movant understood the facts and the elements of the offense upon which the charges rested. Moreover, by way of entering into the negotiated plea agreement, the movant was telling his lawyer not to conduct any further investigation and not present at a trial proceeding any legal defenses that he may be entitled to as it relates to his case. Under these circumstances, no showing has been made that counsel was ineffective when he failed to argue that the movant's sentence was illegal because it exceeded the statutory maximum permitted by 21 U.S.C. §844.

To the extent the movant means to argue that he was unaware of the consequences of his plea, that claim is also belied by the record. As noted above, the Rule 11 proceeding thoroughly addressed the consequences of the guilty plea, the maximum and minimum penalties, and the sentence appeal waiver. Thus, it is clear that the movant may not collaterally challenge his sentence, as he purports to do so here, in the guise of an ineffective assistance of counsel claim.

To the extent the movant means to argue that the convictions used to classify him as a career offender are inapplicable, this

claim warrants no relief. In his initial §2255 motion, the movant specifically argued that case no. 90-29294 (possession of cocaine), case no. 91-9465-B (possession of a controlled substance), case no. 96-8692 (battery on a law enforcement officer) do not qualify to classify the movant as a career offender pursuant to U.S.S.G. §4B1.1. (Cv-DE#1:12). In support thereof, the movant argues that according to U.S.S.G. §4B1.2, a controlled substance is defined as one involving conduct in excess of simple possession of a controlled substance. (Id.).

U.S.S.G. §4B1.2 defines controlled substance "as an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. §4B1.2. Although the movant is correct, that mere possession, without the intent to manufacture, import, export, distribute, or dispense is not sufficient to classify him as a career offender, the movant fails to account his other prior convictions which do qualify him as a career offender. The Government, in its reply, attached two judgments which would qualify the movant as a career offender. (Cv-DE#8,Exs.C & D). The judgment for case no. 95-35566-A was for unlawful sale or delivery of cocaine on or near school property (Cv-DE#8,Ex.C) and the judgment for case no. 98-12222 was in part for aggravated battery with a firearm. (Cv-DE#8,Ex.D). In his reply, the movant conceded that the latter judgment is relative for his qualification as a career offender; however, he argued that the former judgment is inapplicable because it was in excess of ten years. The use of a conviction that was adjudicated over ten years prior to the offense herein is discussed *infra*. Accordingly, the

movant is entitled to no relief on this claim.

In **claim three**, the movant asserts that his classification as a career offender was unlawful in that a prior conviction was inapplicable because it was adjudicated over ten years prior to the offense herein. (Cv-DE#9:5). Specifically, his 1996 conviction for unlawful sale or delivery of cocaine on or near school property does not qualify as a "prior conviction" because it was adjudicated on February, 20, 1996, two days outside the ten year window.[4] In support thereof, the movant cites to application note 3 of U.S.S.G. §4A1.1(c), which states:

> One point is added for each prior sentence not counted under §4A1.1(a) or (b). A maximum of four points may be counted under this item. The term "prior sentence" is defined at §4A1.2(a). Certain prior sentences are not counted or are counted only under certain conditions:
>
> **A sentence imposed more than ten years prior to the defendant's commencement of the instant offense is not counted. See §4A1.2(e).**

U.S.S.G. §4A1.1, n.3. It appears the movant misinterprets the guidelines regarding computing the criminal history category and that of determining a career offender classification. The guidelines set forth under U.S.S.G. §4A1.1 calculate the total criminal history points which determines a defendant's criminal history category. Thus, a sentence that is more than ten years old may not be used to add a point to the criminal history calculations.

However, whether a defendant qualifies as a career offender requires a different determination. "Section 4B1.1 of the

---

[4] The movant concedes that the second conviction utilized by the Government for purposes of attaining career offender status, a June 8, 1999 aggravated battery and carrying a concealed weapon conviction, is applicable for purposes of the classification. (Cv-DE#9:5).

15

Sentencing Guidelines implements Congress' direction by providing a special method of sentencing a defendant who satisfies the criteria defined in the statute as a 'career offender'." United States v. Pinckney, 938 F.2d 519 (4th Cir. 1991). To qualify as a career offender, the statute sets forth the following requirement:

> (a)A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. §4B1.1. Thus, convictions which were adjudicated ten years prior to the instant offense are not precluded from determining whether a defendant qualifies as career offender. See United States v. Webster, 159 Fed. Appx. 134 (11th Cir. 2005)(holding that defendant's right to due process was not violated when a 21 year old conviction was used for purposes of his classification as career offender). Under these circumstances, the movant's classification as a career offender was not unlawful. Thus, he is entitled to no relief on this claim.

In **claim four**, the movant asserts that he is actually innocent of his career offender classification. The movant's protestations of innocence in this motion to vacate are without substantiation in the record. A habeas petitioner attempting to establish "actual innocence" must meet a high standard. Bousley v. United States, 523 U.S. 614 (1998). The movant must demonstrate that "in light of all the evidence, 'it is more likely than not that no reasonable juror would have convicted him.'" Bousley, supra at 623, quoting, Schlup v. Delo, 513 U.S. 298, 327-328 (1995). The Court emphasized that actual innocence means factual innocence, not mere legal insufficiency. Id. See also High v. Head, 209 F.3d 1257 (11th

16

Cir. 2000); Lee v. Kemna, 213 F.3d 1037, 1039(8th Cir.2000); Lucidore v. New York State Div. of Parole, 209 F.3d 107 (2nd Cir. 2000); citing Schlup v. Delo, 513 U.S. 298, 299, (1995); Jones v. United States, 153 F.3d 1305 (11th Cir. 1998)(holding that appellant must establish that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him). To be credible, a claim of actual innocence requires the petitioner to "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." Schlup v. Delo, 513 U.S. at 324. All things considered, the evidence must undermine the Court's confidence in the outcome of the trial. Id. at 316. The movant fails to provide any case law or facts which support his claim and therefore, no such showing of actual innocence has been made here. As such, bare and conclusory allegations of actual innocence are insufficient to require a hearing or further consideration. See United States v. Robinson, 64 F.3d 403, 405 (8th Cir. 1995), Ferguson v. United States, 699 F.2d 1071 (11th Cir. 1983), United States v. Ammirato, 670 F.2d 552 (5th Cir. 1982); United States v. Sanderson, 595 F.2d 1021 (5th Cir. 1979).

To the extent the movant means to argue that he is actually innocent of the underlying convictions used to classify him as a career offender, this claim is also warranted no relief. The law is clear that once the movant successfully attacks in the state forum his prior state convictions used to determine his criminal history points in this case, at that time, he may then seek to reopen and reduce the federal sentence. See United States v. Walker, 198 F.3d 811, 813 (11th Cir. 1999). However, in the absence of such an occurrence, a collateral attack upon his federal sentence is unavailable. See Custis v. United States, 511 U.S. 485 (1994).

Although <u>Custis</u>, addressed the Armed Career Criminal Act only, circuit courts have held that the <u>Custis</u> analysis also applies to sentences imposed pursuant to the sentencing guidelines. See <u>United States v. Escobales</u>, 218 F. 3d 259 (3rd Cir. 2000)(A Defendant classified as a career offender under section 4B1.1 of the Sentencing Guidelines, cannot challenge a prior conviction unless "(1) 'the statute under which the defendant is sentenced explicitly provides the right to attack collaterally prior convictions used to enhance the sentence,' or (2) the constitutional challenge to the underlying conviction is based on a claim that 'the defendant's right to counsel has been denied. Neither 21 U.S.C. §841 nor the Sentencing Guidelines provided the right to collaterally attack prior convictions."); <u>United States v. Price</u>, 51 F.3d 175 (9th Cir. 1995); <u>United States v. Arango-Montoya</u>, 61 F.3d 1331 (7th Cir. 1995). Accordingly, absent the movant successfully attacking his prior state conviction, a collateral attack upon his federal sentence is unavailable. The movant's state conviction occurred in February of 1996; over ten years prior to filing his §2255 motion. To date, he has failed to attack his prior state conviction or make any showing thereof. Thus, the movant is entitled to no relief on this claim.

To the extent the movant means to argue that he does not have the prerequisite prior convictions to classify him as a career offender, this claim also fails on the merits. As discussed *supra*, the movant was at least 18 years old at the time of the instant offense, the instant offense was a felony that was a controlled substance offense and he had two prior convictions; one for unlawful sale or delivery of cocaine on or near school property (Cv-DE#8,Ex.C) and the second for aggravated battery with a firearm, all of which qualify him as a career offender. (<u>Id.</u>,Ex.D). Thus, the movant is entitled to relief on this claim either.

Conclusion

It is therefore recommended that the motion to vacate be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 2nd day of October, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Darrick Andrews, Pro Se
      Reg. No. 50779-004
      FCC-Coleman (Medium)
      Post Office Box 1032
      Coleman, FL 33521-1032

      Peter A. Forand, AUSA
      United States Attorney's Office
      99 NE 4th Street
      Miami, FL 33132